Hall, Judge,
dissmtiente. — It is stated in Fiteherbertfs Matura Brevium, 79, that a Sheriff is by the common law a conservator of the peace, and hath the keeping and custody of the County for the time he is Sheriff; that he hath power by recognizance to bind men to keep the peace, and that every thing which they do by virtue of their commission ought ts be taken as matter of record.— *560 (Haw. c. 3 s. 4. Bac. Ab. Justices of the Peace A, Sheriff L. Th. Co. Litt. 82 note B. 1 Bl. Com. 343. J To these authorities tiiat of Sir Edward Coke may be added in Cro. Ca. 26. When he was made Sheriff, he took exception to the oath proposed to be administered to him, because part of the oath was, that he should cause the statute of Winton, and the statutes against rogues and vagabonds io be put in execution ; when in fact the statute of Winton was altered, and the statutes against rogues and vagabonds were appointed to be executed by Justices of the Peace, not by the Sheriff. Jt Avas answered by the Lord Keeper and Judges, that altho’ authority had been given to Justices of the Peace to. put those statutes in execution, yet it doth not take away the Sheriff’s right, who is ill public conservator of the peace.
Notwithstanding by the statutes of 4 Ed. 3 c. 2 and 1 Ed. 4 c. 2. and other statutes, the Sheriff’s jurisdiction in criminal cases is in a great measure taken away from him, and transferred to Justices of the Peace, yet he is still a sworn peace officer, and conservator of the peace, the proper officer to serve process, and may take security of persons whom he is ordered to bail.
It is stated in Jf atura Brevimn (ubi supra) that the writ de securitate pads originally issued from Chancery, and was directed to the Justices or the Sheriff, commanding him to take security of the offender to keep the peace towards linn, at whose instance it was issued. It is also laid down in the same book, that if a man be condemned in trespass before Justices of the Peace, and be arrested, and put into prison in the custody of the Sheriff, he may su. a writ out of Chancery to the Sheriff, that he take baii <>f him and set him at liberty. (Ibid. 250.) So the writ of mainprize was a writ directed to the Sheriff, commanding him to take security for a person’s appearance, if bailable, altho’ such a person might have been com mtt-d by Justices of the Peace. (2 Hale, 142, 2 Haw. c. 15, s. 29, 30. Bac. Ab. Bail in crim. cases, A.J *561 Where is tiie difference in taking bail in those cases, and the present case under an order of tiie Superior Court, made, for that purpose ; a Court of the highest Criminal jurisdiction known to tiie laws of the Slate?
It has been frequently ordered by ihc Superior Courts, when persons could not give bail, in a bailable case, during the sitting of the Court, that a recognizance should be entered into in a certain sum before a Justice or Justices of the County, and that the sufficiency of the bail should be judged of by them. And in such case, tiie •Justices of the County Court might not have jurisdiction of the offence, in such case the recognizance is taken altogether by virtue of tiie order of t lie Superior Court. Tiie Justices do not act in such cases ex officio; but they are con-sen ators of file peace. They hold an office, w hich qualifies (hem to comply with the mandate. If it shall he said that tiie Attorney General commonly gives his assent to sucit orders, my answer is, that if the Justices have not the power in lmv to comply ui h such order, his assent would not give it. Polentas deiegata non delegari potest.. (1 Bac. Ab. bail in crim. cases, B.) Chitty (1 Crim. Law. 97, 8,) says that since tiie Sheriff’s jurisdiction in criminal cases has been transferred to tiie Justices of tiie Peace, lie has not in modern times exercised file power of bail-ings that it is supposed he may take a recognisance.. But he adds, that it appears from authorities, that he cannot in any way take on himself to sot a prisoner at liberty on bail, whom he once obtains in his custody. It is not necessary to examine that question here, because the Sheriff has not taken upon himself to set tiie prisoner at large. He took the recognizance in consequence of ih« order of the Superior Court. In addition, it appears from the following authorities tiiat the Sheriff may take a recognizance: Pasterne v. Hanson. 2 Saund. 59, b. Bengough v. Rossiter., 4 Term 505. S. C. 2 H. Bl. 418. The case there was, that a capias issued upon an indictment for a *562 misdemeanor from the quarter sessions, and the Sheriff took a bond for the Defendants appearance. It was held that he had no power to take a bond ,• but it was admit-j-c(] jn the case> as reported in Term Reports, that he might take a recognizance.
■ Judge Haywood also says in his Justice (p. 244) that Sheriffs are vested with such power, hut advises that, the exercise of it should he left to the Justices of the Peace.
By an act passed in the year 1797, (Rev. c. 474,) when a capias issues upon an indictment, (if the offence is bailable,) the Sheriff is directed to take a recognizance for the Defendant’s appearance. Can it be doubted that a Court could issue a capias against a person to appear at the next Court, to give security to keep the peace in case of a complaint, made and properly supported by the oath of the party ? If so, would not the Sheriff, particularly if so directed by the Court, he at liberty to take a recognizance for the person’s appearance? If this would be right, it is the present case. The party was in the Sheriff’s custody. He held him for his appearance at the next Court, to give security to keep the peace. The only difference is, that the Court fixed the sum in which he should be bound, and did not leave it to the discretion of the Sheriff. I cannot but think, that this case, alfho’ there was no indictment against the Defendant, comes within the equity of the act.
But it is said, that the recognizance in this case is not in form such a recognizance, as th'e Sheriff should take provided he had the power to take it. The recognizance, as far as it relates to the Defendants, appears to be good. It is true, the Sheriff does not state, that it was attested by him, as Sheriff. He merely signs his name to it $ but it was known to the Court, that lie was Sheriff, and it must he taken, that he returned it to Court in that character. He had no authority to take it and return it in his private character; and it must be taken, that *563 he returned it in that character, in which the law required him to act.
With respect to the circumstance, that the recognizance was also attested by Thomas L. Lea, I can only remark that if it would be good without his attestation, it is not had on that account. Utile per inutilia non vitiatnr.
Upon the two questions raised, in this case, first, whether the Sheriff had the power to take a recognizance, and second, whether it has been taken in due. form, I ain free to confess, that I do not feel a perfect conviction, that my opinion is correct; and the less so as my brethren differ in opinion from me. But the inclination of my mind is, that the State is entitled to judgment.
Per Curiam. — Let the judgment of the Court below be affirmed.